HARPER v. MARTINDALE et al.

(Court of Civil Appeals of Texas. March 15, 1911.)

1. APPEAL AND ERROR (§ 1133*)—AFFIRMANCE —INSUFFICIENT PRESENTATION OF ERROR.

A judgment is properly affirmed without determining whether it is in all respects correct, where the assignments of error are grouped and submitted as propositions without any additional statements, authorities, or argument, in violation of the rules, and where appellant states that he believes the judgment is correct, and appeals only because he acts in a fiduciary capacity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4450–4453; Dec. Dig. § 1133.*]

2. JUDGMENT (§ 707*)—JUDGMENT ON APPEAL. —CONCLUSIVENESS—PERSONS NOT PARTIES.

A judgment of the Court of Civil Appeals on an appeal is no more effective as against persons not parties to the suit than is a judgment of the district court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

Appeal from District Court, Hays County; L. W. Moore, Judge.

Action by B. A. Harper, executor, against Mrs. Roxie M. Martindale and others. From the judgment, plaintiff appeals. Affirmed.

Will G. Barber, for appellant.

KEY, C. J. On February 20, 1909, Robert M. Martindale died leaving a large estate and a will written by his own hand. By the will, which was indefinite in some of

its terms, B. A. Harper and G. N. Martindale were appointed independent executors of the estate. The will was probated and B. A. Harper, one of the executors, brought this suit in the district court, praying for a decree construing the various provisions of the will, and directing the executors as to the performance of their duties under the will. The surviving wife of Robert M. Martindale and all the other legatees and devisees mentioned in the will were made parties, unless grandchildren hereafter born would become legatees. Mrs. Martindale declined to accept under the will, and asserted her title to so much of the estate as was community property between herself and her deceased husband. The other legatees answered and set up their respective claims. The district court rendered a decree, which seems, in the main, to sustain the plaintiff's construction of the will, and yet the plaintiff has appealed.

In the brief which has been filed in behalf of appellant, it is frankly admitted by his attorney that the decree of the district court is believed to be correct. Following that admission is the statement that the appeal has been prosecuted because appellant is acting in a fiduciary capacity, and desires the opinion of an appellate court. That statement is followed with 12 assignments of error, grouped together and submitted as propositions, without any additional statements, authorities, or argument. In other words, the assignments have not been presented in the manner required by the rules; and therefore, and inasmuch as appellant virtually admits the correctness of the judgment, and says he is willing for it to be affirmed, and as this court has discovered no fundamental error, the judgment will be affirmed, without undertaking to determine whether or not it is in all respects correct.

The judgment of the district court is binding upon the other parties thereto, and, as appellant's brief discloses the fact that he does not desire to have it reversed, we see no reason why this court should undertake to determine its correctness. The action of this court can be of no more effect as against persons not parties to the suit than is the judgment of the district court.

Judgment affirmed.